Alice ANASTASI, Eugene Anastasi, Marge Baca, Miguel Baca, Gail Boyd, Norma Boyd, Lupe Flores, Tiburcio Flores, John E. Mara, Sarah R. Mara, Ray Stanford, Dorothy Valuck, Sam Valuck, and Mary Jane Warner, Plaintiffs,

v.

AMERICAN PETROLEUM, INC., Dana L. Anderson, Consolidated Investment Services, Inc., Robert Dawson, Sandra L. Dawson, D.L. Day, Jr., Jean DeMier, Diamond D., Inc., Dilla Pipe & Supply, Inc., Mark Dorn, Nate Emery, James L. Fainter, Harmer Pipeline, Inc., Ellen Jackson, Terry Jackson, Jack Johnson, Frederick Miale, Gary Moulton, Elizabeth Paxton, Barbara Placke, Alan D. Platt, Dale Platt, Brian Prendergast, Professional Insurance Services, Inc., Nancy A. Raddeman, Norman P. Rounds, Richard W. Rush, Kent Snook, Alfred Stella, Gregory C. Tevis, and Texpro, Inc., Defendants.

Civ. A. No. 82–K–841.

United States District Court,
D. Colorado.

Feb. 7, 1984.

James Gessling, Gessling & Minton, Denver, Colo., for plaintiffs.

John B. Moorhead, Baker & Hostetler, Denver, Colo., for Alan D. Platt and American Petroleum, Inc.

Jon Slaughter Pelegrin, Roath & Brega, P.C., John M. Law, Law & Scheid, P.C., Denver, Colo., for Tevis.

James E. Goldfarb, Holly E. Rebstock, Greengard, Blackman & Senter, Denver, Colo., for Norman P. Rounds.

John R. Frye, Jr., Frye & Sawaya, P.C., Denver, Colo., for Consol. Inv. Services, Inc., James L. Fainter, Brian Prendergast and Norman P. Rounds.

Timothy C. Ford, James R. Miller, P.C., Denver, Colo., for Dawsons.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This matter comes before me on plaintiffs' motion to dismiss a counterclaim which some of the defendants have filed for failure to state a claim upon which relief can be granted. The underlying complaint involves investment units in a limited partnership designated American Petroleum, Inc., 1981–CIS–1, which allegedly were offered and sold in violation of federal and state securities laws and regulations. The complaint seeks alternative or cumulative relief of restitution, recission or money damages for the sale of unregistered securities, securities fraud, common law fraud and what is denominated constructive fraud.

When defendants sold the investment units, they relied on the § 4(2) private offering exemption from the registration requirements of the Securities Act of 1933. Plaintiffs sued for recission under § 12(2) of the Act, alleging that defendants do not qualify for the exemption. Defendants counterclaimed, alleging that Alice and Eugene Anastasi and Tiburcio Flores misrepresented their financial condition and suitability as investors to the defendants, that the defendants relied on the misrepresentations in their private offering exemption, and that if defendants do not qualify for the private offering exemption the Anastasis and Flores are liable to them for indemnification in all claims resulting from their loss of the exemption.[1]

The Securities Act of 1933 imposes strict liability on offerors and sellers of unregistered securities. *Swenson v. Engelstad*, 626 F.2d 421, 424 (5th Cir.1980). Section 4(2) of the '33 act exempts "transactions by an issuer not involving a public offering" from the registration requirements of § 5. The private offering exemption turns on whether the class of people affected need the protection of the act. *SEC v. Ralston Purina*, 346 U.S. 119, 125, 73 S.Ct. 981, 984, 97 L.Ed. 1494 (1953). The exemption is an affirmative defense which defendants must allege and prove. 346 U.S. at 126, 73 S.Ct. at 985; *Hill York Corp. v. American Int'l Franchises, Inc.*, 448 F.2d 680, 690 (5th Cir.1971). Suitability of investors is but one of many factors defendants must prove. Whether a security offer is a private offering is a question of fact which requires me to consider all surrounding circumstances, including the

---

**1.** Since filing the counterclaim, defendants American Petroleum, Inc. and Alan Platt have filed for bankruptcy. Their resultant lack of zeal for this case is reflected in their failure to brief their counterclaim or to respond to plaintiffs' brief in support of their motion to dismiss.

relationship between the offerees and the issuer, and the nature, scope, size, type, and manner of the offering. Sec. Act Rel. 33–4552, 27 Fed.Reg. 11316 (1962). The most important factor is whether the buyer has access to the kind of information normally available in a registration statement. While a buyer's sophistication, expertise and wealth may be factors for the factfinder to consider, they are not a substitute for access to information; without access to information, a buyer cannot bring his sophisticated knowledge to bear on an investment decision. *Lawler v. Gilliam*, 569 F.2d 1283 (4th Cir.1978); *Doran v. Petroleum Management Corp.*, 545 F.2d 893 (5th Cir.1977).

In 1974 the SEC adopted rule 146, 17 C.F.R. § 230.146 (1981), to provide issuers with objective standards to use when raising capital under the private offering exemption. Rule 146 was not mandatory; the preliminary notes to the rule clearly stated that a failure to satisfy all the requirements of the rule did not necessarily bar an issuer from the private offering exemption. Rule 506 under Regulation D replaced rule 146 in 1982. 17 C.F.R. § 230.506 (1983). Since this case arose before the effective date of regulation D, Rule 146 applies. 47 Fed.Reg. 11251 (1982).

▪ Against this statutory and regulatory background, I must decide if plaintiffs' misrepresentation of their suitability as investors could provide grounds for indemnification of defendants' losses under § 12 of the '33 Act. I conclude that it cannot. Rule 146(d) provides that:

The issuer and any person acting on his behalf who offer, offer to sell, offer for sale or sell the securities *shall have reasonable grounds to believe and shall believe:*

.        .        .        .        .

(2) Immediately prior to making any sale, *after making reasonable inquiry,* either:

(i) That the offeree has such knowledge and experience in financial and business matters that he is capable of evaluating the merits and risks of the prospective investment, or

(ii) That the offeree and his offeree representative(s) together have such knowledge and experience in financial and business matters that they are capable of evaluating the merits and risks of the prospective investment and that the offeree is able to bear the economic risk of the investment.

17 C.F.R. § 230.146(d) (1981) (Emphasis added). The issuer has a duty to make a reasonable inquiry into a buyer's background to qualify for the private offering exemption. See *Mary S. Krech Trust v. Lakes Apartments*, 642 F.2d 98 (5th Cir. 1981); *Goodman v. DeAzoulay*, 554 F.Supp. 1029 (E.D.Pa.1983). If the issuer reasonably relies on the misrepresentation of an investor to qualify for the private offering exemption, other investors cannot use the unsuitability of the investor to bar the issuer from the private offering exemption. The private offering exemption turns on the issuer's reasonable beliefs rather than the actual condition of the buyer. As long as the issuer makes a reasonable inquiry into an investor's background, he is within the safe harbor of Rule 146.

▪ The defendants in this case must prove that they meet all of the requirements of the private offering exemption. One of the elements they must prove is the suitability of their investors. The suitability question turns on defendants' reasonable belief at the time of the transaction rather than the Anastasis' and Flores' actual financial condition and business sophistication. Assuming that defendants reasonably relied on the Anastasis' and Flores' representations, none of the plaintiffs can recover from the defendants based on the unsuitability of the Anastasis and Flores. The reasonableness of defendants' reliance turns on the adequacy of their investigation. As long as they adequately investigated their offerees, no offeree's misrepresentation could cause them to lose their exemption. If they were remiss in their investigation, they have no recourse against the plaintiffs for their own care-

lessness. The duty to investigate lay wholly with the defendants; defendants have no cause of action against the plaintiffs for contribution.

The motion to dismiss is therefore granted.